IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JUANITA EVERMON-MUNIZ, et al. | : | CIVIL ACTION |
| v. | : | |
| MCDONALD'S CORPORATION, et al. | : | NO. 10-533 |

MEMORANDUM

Bartle, C.J.　　　　　　　　　　　　　　　　　　　February 2, 2011

　　　　Plaintiffs Juanita Evermon-Muniz and her mother, Anita Evermon, bring this diversity action against McDonald's Corporation, the Havi Group, and Havi Group Limited Partnership for personal injuries allegedly sustained as a result of a defective product purchased at a McDonald's Restaurant. Before the court is the motion of McDonald's Corporation for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

　　　　Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); see also Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 254 (1986). After reviewing the evidence, the court must make all reasonable inferences from the evidence in the light most

favorable to the non-movant. In re Flat Glass Antitrust Litig., 385 F.3d 350, 357 (3d Cir. 2004).

The following facts are undisputed or viewed in the light most favorable to the plaintiffs, the non-moving parties. On June 9, 2007, plaintiffs purchased a Happy Meal from a McDonald's Restaurant located near the Franklin Mills Mall in Philadelphia, Pennsylvania. The meal contained a "Princess Ariel" plastic toy crown. After returning home, the crown broke while Evermon-Muniz was wearing it. Evermon-Muniz was cut by the jagged pieces and as a result, she was left with a scar across her forehead.

Evermon-Muniz and her mother then filed a complaint in the Court of Common Pleas of Philadelphia County for personal injuries based on theories of negligence, strict liability, and breach of the warranties of merchantability and fitness. Defendants timely removed the action to this court.

McDonald's Corporation maintains that it is entitled to summary judgment because it is undisputed that it did not manufacture, design, sell, supply, or distribute the product in question. Under § 402A of the Restatement Second of Torts, adopted by the Pennsylvania Supreme Court, a plaintiff must prove that: (1) the product was defective; (2) the defect caused the plaintiff's injuries; and (3) the defect in the product existed at the time the product left the defendant's control. Barnish v. KWI Bldg. Co., 602 Pa. 402, 411-12 (2009); Webb v. Zern, 422 Pa. 424, 427 (1966). In addition, it is well-established that a

plaintiff must prove that the defendant manufactured or sold the product in question.  See DeWeese v. Anchor Hocking Consumer & Indus. Prods. Grp., 427 Pa. Super. 47, 51 (1993).  Without such evidence, a defendant is entitled to summary judgment.  Id. at 52.

Here, Evermon-Muniz has presented no evidence indicating that McDonald's Corporation manufactured, sold, supplied, or distributed the allegedly dangerous plastic crown. McDonald's Corporation, through its Managing Counsel, has submitted an affidavit stating that it does not own the McDonald's Restaurant where plaintiffs purchased the toy crown and did not manufacture, design, sell, supply, or distribute the product in question.  Plaintiffs have not produced any evidence to contradict that affidavit.

Accordingly, we are granting the motion of McDonald's Corporation for summary judgment.